PEOPLE, PLAINTIFF AND APPELLEE, *v.* BUXÓ,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of Section 358 of the Penal Code.

No. 1743.—Decided December 13, 1921.

BREACH OF PEACE—INTENT.—In this case while a Unionist political meeting was being held at night, the appellant and another came up on horseback bearing torches and displaying political insignia of other political parties and passed through the crowd without disturbance; but after a little while they returned and attempted to pass through a second time, whereby a commotion was produced in the assembly, an offense penalized by section 358 of the Penal Code. *Held:* That under such circumstances the defendant intended the natural and probable consequences of his act, which was what produced the breach of the peace, although the first hostile demonstration may have come from some one in the crowd.

The facts are stated in the opinion.

*Mr. C. B. Buitrago* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

At a customary place on the streets of San Lorenzo and at night, a little before election time, there was a gathering of people to listen to Unionist orators, the meeting having been announced in advance.

While this meeting was being held, the appellant and another came up on horseback, one or both of them bearing torches, and insisted on passing through the crowd. One of them bore the Socialist insignia and the other, the appellant, the insignia of the Republican Party.

The horsemen passed through without much, if any, disturbance of the crowd, but after a little while they returned, and this return produced a commotion and excitation in the crowd.

The police intervened and a greater disturbance was prevented.

The appellant insists, among other things, that the real

disturbance emanated from one of the crowd in that the latter advanced with a stick to attack or threaten the appellant.

The appellant also maintains that the proof of the Government was so inharmonious and full of contradictions as to destroy the judgment. He, however, admits that after passing through the crowd the horsemen came back a second time and that the commotion was thereupon produced.

Under these circumstances it must be held that the appellant intended the natural and probable consequences of his act. Accoutred as he was and accompanied as he was, he must have known that his appearance would produce an excitation. Perhaps, as he maintained, he had a right to go through the crowd on horseback, if he had ridden through without doing anything or bearing anything calculated to excite the crowd. When, however, he came the second time, prepared to go through again, he displayed an intention, not merely of passing through the streets, but of disturbing the people assembled.

*Harrison* v. *Duke of Rutland,* 12 English Ruling Case Law, 587, was a case where a man walked up and down on the highway and thus prevented the owner of the land on both sides thereof from using his land for sport. The court held that while a man had a right to use the highway, when he did it to disturb the right of another he was guilty of trespass.

Nor can appellant justify himself by saying the first hostile demonstration came from some one in the crowd and was directed towards him. It was his act or the manner of it that produced the disturbance. Somewhat similar reasoning may be found in *People* v. *Burman,* 25 L. R. A. (N. S.) 256.

While the case is not free from doubts, there was enough before the court to justify it in finding that the assembly

was disturbed and that it was the intention of the appellant to disturb it.

*Affirmed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.